NO. 12-03-00323-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 



IN RE: CLINTON ELBERT TUBBS,
§
 ORIGINAL PROCEEDING

RELATOR


§
 






MEMORANDUM OPINION


 Relator filed a petition for writ of habeas corpus seeking relief from an order holding him in
contempt for nonpayment of temporary spousal maintenance and committing him to the Van Zandt
County jail for 130 days. We deny Relator's petition.

 In his second issue, Relator contends that the trial court erred, if holding the Relator in civil
contempt, because the judgment does not provide a method for Relator to purge himself of the
contempt and thereby obtain his release from jail. 

 Contempt may be either civil or criminal. See Ex parte Werblud, 536 S.W.2d 542, 545 (Tex.
1976). The purpose of civil contempt is remedial and coercive in nature. Id. A judgment of civil
contempt exerts the judicial authority of the court to persuade the contemnor to obey some order of
the court where such obedience will benefit an opposing litigant. Id. It is civil contempt when one
"may procure his release by compliance with the provisions of the order of the court." Id. (citation
omitted). If an enforcement order imposes incarceration for civil contempt, the order must state the
specific conditions on which the contemnor may be released from confinement. Tex. Fam. Code
Ann. § 157.116(c) (Vernon Pamph. Supp. 2003).

 Criminal contempt on the other hand is punitive in nature. Werblud, 536 S.W.2d at 545. 
The sentence is not conditioned upon some promise of future performance because the contemnor
is being punished for some completed act which affronted the dignity and authority of the court. Id.
If an enforcement order imposes incarceration or a fine for criminal contempt, the order must include 
the findings specified in section 157.166(b) of the Texas Family Code. However, no means of
purging the contempt must be included. Cf. Tex. Fam. Code Ann. § 157.116(b) and Tex. Fam.
Code Ann. § 157.116(c) (Vernon Pamph. Supp. 2003). 

 In the case at hand, the punishment is for completed acts of contempt and contained the
findings required by section 157.116(b). Furthermore, the punishment is not made conditional upon
future compliance by Relator. Therefore, the contempt is criminal in nature. Relator's second issue
is overruled.

 In his first, third, and fourth issues, Relator contends that at the contempt hearing (1) he
conclusively proved that he was unable to pay his temporary spousal maintenance arrearages, (2) the
trial court erred in failing to properly admonish Relator of his rights and in denying Relator's right
to a jury trial without obtaining a waiver of that right, and (3) the trial court made comments at the
hearing that denied Relator the right to earn good time. However, Relator failed to furnish a record
of the contempt proceeding as required by Rule 52.7(b)(2) of the Texas Rules of Appellate
Procedure. Consequently, we are unable to address the merits of Relator's first, third, and fourth
issues. 

 For the reasons set forth above, Relator's petition for writ of habeas corpus is denied.


 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered October 3, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.








(PUBLISH)